BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| v. | ) | |
| APPROXIMATELY $8,520.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

The United States, by and through its undersigned attorney, alleges as follows:

### Nature of Action

1. This is a civil action *in rem* to forfeit to the United States approximately $8,520.00 in U.S. Currency ("the Defendant Currency") pursuant to 21 U.S.C. § 881(a)(6), on grounds that the Defendant Currency is a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

2. The Defendant Currency was seized on January 30, 2015, at 312 N. Quince Avenue in Exeter, California and is in the custody of the United States Marshals Service, Eastern District of California.

///

## Jurisdiction and Venue

3.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

4.  This district is a proper venue pursuant to 28 U.S.C. § 1395, because the United States' claim accrued in this district and the property to be forfeited was found in this district.

5.  Pursuant to Federal Rule of Civil Procedure, Rule 9(h), this case is designated as a case within the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  This case is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and pursuant to Rule G(9), trial is to be to the Court unless any party demands trial within 14 days of the service of this complaint in compliance with Federal Rules of Civil Procedure, Rule 38.

## Execution of Search Warrant at 312 N. Quince Avenue, Exeter, CA

6.  On January 30, 2015, a search warrant was executed by Tulare County Sheriff's Office (TCSO) and the Drug Enforcement Administration (DEA) at the residence of Moses Rivera and Mindy Guinn at 312 N. Quince Avenue in Exeter, California.  Moses Rivera ("Rivera"), Mindy Guinn ("Guinn"), and a minor child were contacted at the residence and detained.

7.  During execution of the search warrant, law enforcement observed two smart televisions mounted side-by-side in the living room.  One television was showing a regular cable channel and the other was showing live feed of 16 surveillance cameras on the residence.  The cameras appeared to be professionally mounted around the property.  Behind the residence, law enforcement located multiple boxes which contained grow lights commonly used in marijuana cultivation.

8.  While conducting the search, law enforcement located a sandwich bag which contained about 30 grams of cocaine in the bathroom in front of the toilet.  A torn plastic bag which contained about 19 grams of cocaine was located inside the toilet drain.

9.  In the laundry room on a shelf located above the washer machine law

1 enforcement located a digital scale.

2    10.   In a bedroom located between two other bedrooms ("the middle bedroom"), law enforcement found a black plastic bindle which contained about 6 grams of cocaine and a Ziploc bag which contained about 8 grams of methamphetamine in a dresser in the top left drawer.  On top of the dresser law enforcement located a Ziploc bag which contained about 11 grams of cocaine and a black tar substance consistent with black tar heroin.  Also found within the dresser was a box of Ziploc bags.

   11.   In the same bedroom, in the closet, TCSO detectives located the Defendant Currency.  The Defendant Currency was found in the following denominations:  120 x $1 bills; 106 x $5 bills; 61 x $10 bills; 228 x $20 bills; and 27 x $100 bills.  Law enforcement also located on a closet shelf a bottle of methadone and a prescription.

   12.   Officers located Rivera's cell phone at the scene which had numerous text messages related to drug trafficking.

### Interview of Moses Rivera

   13.   Rivera was Mirandized.  Rivera waived his rights and agreed to answer questions.  In a tape-recorded interview, Rivera confirmed that he lived in the residence with Guinn and their minor child.  Rivera stated that the money belonged to him and it was the proceeds from selling cocaine, methamphetamine, and heroin.  Rivera stated that he has sold "dope" for a while.

   14.   Rivera said that he flushed about half or three-quarters of an ounce down the toilet before law enforcement entered the residence.  Rivera stated that he sold cocaine because it was easy to get rid of at the bars.

### Interview of Mindy Guinn

   15.   Guinn was Mirandized, but waived her rights and agreed to answer questions.  In a tape-recorded interview, Guinn stated that the money did not belong to her.  She denied any knowledge of narcotic sales.

   16.   Both Rivera and Guinn were arrested for violation of California Health & Safety Code § 11351, 11378, and 11366 – Possession of a Controlled Substance for Sale.

Verified Complaint for Forfeiture *In Rem*

## FIRST CLAIM FOR RELIEF
### [21 U.S.C. § 881(a)(6)]

17. The United States repeats and realleges each and every allegation set forth in the above paragraphs.

18. The Defendant Currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

19. As a result of the foregoing, the Defendant Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff prays that:

1. Process issue according to the procedures of this Court in cases of action *in rem*;

2. Any person having an interest in the Defendant Currency be given notice to file a claim and to answer the complaint;

3. This Court enter a judgment of forfeiture of the Defendant Currency to the United States; and

4. For such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  November 16, 2015            BENJAMIN B. WAGNER
                                     United States Attorney


 /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant United States Attorney

## **VERIFICATION**

I, Jason Pitcher, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief.

The sources of my knowledge and belief are in the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2015       /s/ Jason Pitcher
JASON PITCHER
Special Agent
Drug Enforcement Administration

(Original signature retained by attorney)