# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $8,520.00 IN U.S. CURRENCY,<br><br>                    Defendant. | Case No. 1:15-CV-01727-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE<br><br>(Doc. 9) |

     In this civil forfeiture action, Plaintiff United States of America (the "Government") seeks (1) default judgment against the interests of Moses Rivera ("Rivera") and Mindy Guinn ("Guinn") in approximately $8,520.00 in U.S. currency (the "Defendant Currency"), and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency. The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(19) and is considered in accordance with Local Rule 540(d).

     This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment; enter final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency; and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

# FACTUAL BACKGROUND[1]

The case arises from the execution of a search warrant by the Tulare County Sheriff's Office ("TCS") and the Drug Enforcement Administration ("DEA") at Rivera and Guinn's home in Exeter, California on January 30, 2015. During the execution of the warrant, law enforcement observed two smart televisions mounted side-by-side in the living room. One television was showing a regular cable channel and the other was showing live feed of 16 surveillance cameras on the residence. Law enforcement located a sandwich bag which contained about 30 grams of cocaine in the bathroom in front of the toilet. A torn plastic bag which contained about 19 grams of cocaine was located inside the toilet drain. Law enforcement located a digital scale in the laundry room on a shelf located above the washer machine. In a bedroom located between two other bedrooms ("the middle bedroom"), law enforcement found a black plastic bindle which contained about 6 grams of cocaine and a Ziploc bag which contained about 8 grams of methamphetamine in a dresser in the top left drawer. On top of the dresser law enforcement located a Ziploc bag which contained about 11 grams of cocaine and a black tar substance consistent with black tar heroin. Also found within the dresser was a box of Ziploc bags. In the same bedroom, in the closet, TCS detectives located the Defendant Currency. The Defendant Currency was found in the following denominations: 120 x $1 bills; 106 x $5 bills; 61 x $10 bills; 228 x $20 bills; and 27 x $100 bills. Law enforcement also located a bottle of methadone and a prescription on a closet shelf. Law enforcement located Rivera's cell phone at the scene which had numerous text messages related to drug trafficking.

Rivera was Mirandized. Rivera waived his rights and agreed to answer questions. In a tape-recorded interview, Rivera confirmed that he lived in the residence with Guinn and their minor child. Rivera stated that the money belonged to him and it was the proceeds from selling cocaine, methamphetamine, and heroin. Rivera stated that he has sold "dope" for a while. Rivera said that he flushed about half or three-quarters of an ounce down the toilet before law enforcement entered the residence. Rivera stated that he sold cocaine because it was easy to get rid of at the bars.

Guinn was also Mirandized and waived her rights and agreed to answer questions. In a tape-recorded interview, Guinn stated that the money did not belong to her and denied any knowledge of

---

[1] These facts were derived from the Government's application and from the Court's records.

narcotic sales. Both Rivera and Guinn were arrested for violation of California Health & Safety Code § 11351, 11378, and 11366 – Possession of a Controlled Substance for Sale. The minor child was also detained.

## **PROCEDURAL BACKGROUND**

On November 16, 2015, the Government filed its complaint for forfeiture *in rem*, alleging that $8,5420.00 of defendant currency was subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it was derived from proceeds traceable to one or more violations of 18 U.S.C. § 841, *et seq*. On December 2, 2015, based on the complaint's allegations, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Currency. The warrant was executed on December 3, 2015.

Public notice of the action and the arrest of the Defendant Currency were published via the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days. Publication in a manner consistent with Local Rule 500(d) via Supplemental Rule G(4)(a) was made beginning December 2, 2015, and proof of such publication was filed with the Court on January 4, 2016.

In addition to providing notice by publication, the United States also caused notice to be delivered to various individuals with a suspected potential interest in the Defendant Currency in a manner reasonably likely to reach them, as follows:   On December 2, 2015, Moses Rivera was personally served with copies of the Verified Complaint for Forfeiture *In Rem*, Order re Clerk's Issuance of Warrant for Arrest, Warrant for Arrest of Articles *In Rem*, Order Setting Mandatory Scheduling Conference, Notice of Availability of Voluntary Dispute Resolution, Notice of Availability of a Magistrate Judge, and notice of forfeiture letter dated December 2, 2015, at his last known address of P.O. Box 2501, Visalia, California 93279-2501, by first class mail and certified mail no. 7012-3460-0001-6702-0906. According to the official U.S. Postal Service website, the certified mail parcel was made available for pickup by the addressee on December 11, 2015. The Domestic Return Receipt (PS Form 3811) has not been returned to the U.S. Attorney's Office, nor has the certified mail parcel. On December 2, 2015, Moses Rivera was served with copies of the above-listed documents, at his last known place of residence 312 N. Quince Avenue, Exeter, CA

93221- 1028, by first class mail and certified mail no. 7012-3460-0001-6702-0876. The Domestic Return Receipt (PS Form 3811) was signed by a Laura Guinn and received in the U.S. Attorney's Office on December 8, 2015. On December 2, 2015, Mindy Guinn was served with copies of the above-listed documents, at her last known place of residence 312 N. Quince Avenue, Exeter, CA 93221- 1028, by first class mail and certified mail no. 7012-3460-0001-6702-0913. The Domestic Return Receipt (PS Form 3811) was signed by a Laura Guinn and received in the U.S. Attorney's Office on December 8, 2015.

No claims have been filed by or on behalf of Rivera or Guinn to the Defendant Currency and the time for any person or entity to file a claim and answer has expired. *See* Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Accordingly, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on January 11, 2016, Clerk's Certificates of Entry of Default were entered against Rivera and Guinn.

The United States now seeks entry of a default judgment against Rivera and Guinn, and the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the Defendant Currency to the United States.

## DISCUSSION

### I.  Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture *In Rem* and the cited facts provide ample grounds for forfeiture of the Defendant Currency. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Money or other things of value are subject to forfeiture if they are derived from proceeds traceable to one or more violations of 18 U.S.C. § 841, *et seq.* 21 U.S.C. § 881(a)(6).

The Government's verified complaint alleges that the Defendant Currency is subject to forfeiture since it was derived from proceeds traceable to one or more violations of 18 U.S.C. § 841, *et seq.* 21 U.S.C. § 881(a)(6). As set forth above and in the verified complaint, the Defendant Currency was seized on December 3, 2015, in Exeter, California. The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset

1   Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for
2   subject matter jurisdiction, *in rem* jurisdiction, and venue; describes the property seized and the
3   circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of
4   interests in the Defendant Currency, this Court is not in a position to question the facts supporting
5   its forfeiture. As alleged, the facts set forth a sufficient connection between the Defendant Currency
6   and illegal drug activity to support a forfeiture.

**II.     Notice Requirements**

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law. Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. The requisite notice was provided to Rivera and Guinn.

**A.     Notice by Publication**

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate vehicle for publication. Local Rules 530 and 171. [[On April 25, 2013]], this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days. According to the Government's Declaration of Publication (Doc. 5), a Notice of Civil Forfeiture was published on the internet site for thirty days beginning on December 2, 2015. Accordingly, the Government satisfied the requirements for notice to Rivera and Guinn by publication.

**B.     Personal Notice**

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*quotations omitted*). See also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually

informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule 540 also requires that a party seeking default judgment in an action *in rem* demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success. L.R. 540(a). Notwithstanding the Supplemental Rules and L.R. 540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, Rivera was personally served at his last two known addresses by first class mail and certified mail on December 2, 2015. Guinn was also served by first class mail and certified mail at her last known address. The certified return receipt cards sent to the residence in Exeter, California were signed by a Laura Guinn and received by the U.S. Attorney's Office on December 8, 2015. Accordingly, both individuals received actual notice.

### C.     Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to

6

comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. The Clerk of Court properly entered default against Rivera and Guinn on January 11, 2016.

### D. Default Judgment

The Government seeks judgment against the interests of Rivera and Guinn and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Currency. The Supplemental Rules do not set forth a procedure to seek default judgment *in rem*. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained default entries against the interests of Rivera and Guinn. There is no impediment to default judgment sought by the Government against them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the Defendant Currency. "A judgment *in rem* affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). Because of the defaults of Rivera and Guinn, the Government is entitled to a final forfeiture judgment.

**RECOMMENDATIONS**

In light of the reasons discussed above, this Court recommends that

1. The District Court grant Plaintiff United States of America default judgment against the interests of Moses Rivera and Mindy Guinn;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Currency; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 2, 2016**             **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE